IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRIANNE PATRICK,<br><br>Plaintiff,<br><br>v.<br><br>N&G CAPITAL LLC; M&S RECOVERY SOLUTIONS LLC; and MARK C. LESINSKI; and JOHN DOES 1-5,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT MARK C. LESINSKI'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION<br><br><br>Case No. 2:14-CV-194 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Mark C. Lesinski's Motion to Dismiss for Lack of Personal Jurisdiction. Plaintiff has failed to respond to the Motion and the time for doing so has now passed. For the reasons discussed below, the Court will grant Defendant's Motion.

I. BACKGROUND

Plaintiff filed her Complaint on March 17, 2014, asserting claims under the Fair Debt Collection Practices Act ("FDCPA"), the Telephone Consumer Protection Act ("TCPA"), and the Utah Consumer Sales Practices Act ("CSPA"). Defendants N&G Capital LLC ("N&G") and M&S Recovery Solutions LLC ("M&S") have filed an Answer to Plaintiff's Complaint. Defendant Marc C. Lesinski ("Lesinski") seeks dismissal for lack of personal jurisdiction.

In her Complaint, Plaintiff alleges that the Court

> has personal jurisdiction over the Defendants in this case because they have continuous and systematic contacts with the State of Utah including, but not limited to, conducting business in Utah, regularly collecting or attempting to collect debt from Utah consumers, regularly enforcing agreements with Utah consumers, regularly contacting consumers in Utah by telephone, email, and other

1

instruments of interstate commerce, and by availing itself of the benefits of the Utah judicial system.[1]

With regard to Defendant Lesinski, Plaintiff alleges that Lesinski conducts business as a debt collector. Plaintiff further alleges that Lesinski "is a manager of both N&G and M&S and at all times relevant to this case, acted within the course and scope of his employment and directed, controlled, authorized, ratified, and personally participated in the actions of the other Defendants herein."[2]

In conjunction with his Motion, Lesinski has filed a declaration stating that he is a resident of and domiciled in New York. Lesinski represents that he pays income taxes in New York, has a driver's license issued by New York, and is registered to vote in New York. Lesinski is not employed in Utah or by a Utah entity. He does not own or hold any property in Utah. Lesinski does not manufacture, sell, distribute or lease property, goods, or products or perform services in Utah. He does not advertise goods or services in Utah and does not market goods or services, solicit their sale or otherwise engage in business in Utah. Lesinski's only contact with Utah consists of a brief vacation approximately eight years ago.

Lesinski represents that he previously held a fifty percent ownership interest in N&G. However, he was not an employee of N&G and never received a salary. Additionally, he was not involved in the day-to-day operations of N&G. Lesinski is the sole owner of M&S. Lesinski is not an employee of M&S, has never received a salary from M&S, and is not involved in the day-to-day debt collection operations of M&S.

---

[1] Docket No. 2 ¶ 4.
[2] *Id.* ¶ 10.

With respect to Plaintiff's claims, Lesinski states:

> I have had no involvement in either N&G's or M&S's attempts to collect the debt at issue in this litigation. By way of example only, I did not make any of the telephone calls at issue in this case, I have never attempted to call the plaintiff, and I have made no attempts to collect any debt from plaintiff. Furthermore, prior to plaintiff making her demands relating to this case and filing this lawsuit, I was not even aware of this particular account.[3]

## II. DISCUSSION

"The plaintiff bears the burden of establishing personal jurisdiction, but where, as here, the issue is raised early on in litigation, based on pleadings . . . and affidavits, that burden can be met by a prima facie showing."[4] "The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient."[5]

This matter is before the Court based upon federal question jurisdiction. "Before a federal court can assert personal jurisdiction over a defendant in a federal question case, the court must determine (1) 'whether the applicable statute potentially confers jurisdiction' by authorizing service of process on the defendant and (2) 'whether the exercise of jurisdiction comports with due process.'"[6]

---

[3] Docket No. 11 Ex. A ¶ 11.

[4] *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011) (citing *Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1069–70 (10th Cir. 2008)).

[5] *Kennedy v. Freeman*, 919 F.2d 126, 128 (10th Cir. 1990) (quoting *Behagen v. Amateur Basketball Ass'n of the U.S.*, 744 F.2d 731, 733 (10th Cir. 1984)).

[6] *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000) (quoting *Republic of Panama v. BCCI Holdings (Lux.) S.A.*, 119 F.3d 935, 942 (11th Cir. 1997)). The Court notes that Defendant incorrectly analyzed personal jurisdiction under the standard used in

Neither the FDCPA nor the TCPA authorize nationwide service of process.[7] Where the federal statue does not authorize service of process, Federal Rule of Civil Procedure 4(k)(1)(a) "commands the district court . . . to apply the law of the state in which the district court sits."[8] Utah's long arm statute provides that it "should be applied so as to assert jurisdiction over nonresident defendants to the fullest extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution."[9] The Utah Supreme Court has stated that "any set of circumstances that satisfied due process will also satisfy the long-arm statute."[10] "This collapses the Utah standard into the more general 'due process' standard for jurisdiction."[11]

A due-process analysis of personal jurisdiction is a two-step inquiry. First, this Court must consider whether the defendant has sufficient "minimum contacts" with the forum state "that he should reasonably anticipate being haled into court there."[12] Second, "if the defendant's actions create sufficient minimum contacts, the court must then consider whether the exercise of personal jurisdiction over the defendant offends traditional notions of fair play and substantial justice."[13]

---

diversity jurisdiction. For the reasons set forth in this Order, this error is not material to the Court's analysis.

[7] *Creative Montessori Learning Ctr. v. Ashford Gear, LLC*, No. 09CV3963, 2010 WL 3526691, at *2 (N.D. Ill. Sept. 2, 2010) (TCPA); *Riddle & Assocs., P.C. v. Morcos*, No. 2:06CV972 DB, 2007 WL 2061054, at *3 (D. Utah July 12, 2007) (FDCPA).

[8] *Dudnikov*, 514 F.3d at 1070.

[9] Utah Code Ann. § 78B-3-201(3).

[10] *SII MegaDiamond, Inc. v. Am. Superabrasives Corp.*, 969 P.2d 430, 433 (Utah 1998).

[11] *Rusakiewicz v. Lowe*, 556 F.3d 1095, 1100 (10th Cir. 2009).

[12] *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

[13] *OMI Holdings, Inc. v. Royal Ins. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998) (citation and internal quotation marks omitted).

The minimum-contacts standard can be established through a finding of either general jurisdiction or specific jurisdiction. For general jurisdiction to exist, "'the defendant must be conducting substantial and continuous local activity in the forum state.'"[14] These activities must be continuous and systematic to justify a finding of general jurisdiction.[15]

> In assessing contacts with a forum, courts have considered such factors as: (1) whether the corporation solicits business in the state through a local office or agents; (2) whether the corporation sends agents into the state on a regular basis to solicit business; (3) the extent to which the corporation holds itself out as doing business in the forum state, through advertisements, listings or bank accounts; and (4) the volume of business conducted in the state by the corporation.[16]

Plaintiff alleges that Defendants have continuous and systematic contacts with Utah. However, Lesinski's declaration rebuts this allegation. Specifically, Lesinski states that he is a resident of New York and that his only contact with Utah was a short vacation eight years ago. Lesinski does not own or hold any property in Utah and does no business in Utah. Based upon these undisputed statements, the Court cannot find that Lesinski engaged in continuous and systematic local activity in Utah. Therefore, the Court cannot justify a finding of general jurisdiction.

"The minimum contacts necessary for specific personal jurisdiction may be established where the defendant has purposefully directed its activities toward the forum jurisdiction and where the underlying action is based upon activities that arise out of or relate to the defendant's

---

[14] *Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999) (quoting *Arguello v. Indus. Woodworking Mach. Co.*, 838 P.2d 1120, 1122 (Utah 1992)).

[15] *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 416 (1984).

[16] *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1533 (10th Cir. 1996).

contacts with the forum."[17]  As set forth above, Lesinski has stated that he had no involvement in the other Defendants' attempts to collect the debt at issue in this litigation.

As Plaintiff has failed to respond to Defendant's Motion it is difficult to determine what Plaintiff is asserting as the basis for jurisdiction over Lesinski.  It may be that Plaintiff seeks to establish jurisdiction over Lesinski based upon his ownership interest in N&G and M&S.  The Tenth Circuit has stated that "[j]urisdiction over the representatives of a corporation may not be predicated on jurisdiction over the corporation itself."[18]  Rather, "jurisdiction over the individual officers and directors must be based on their individual contacts with the forum state."[19]  As discussed, Lesinski's contacts with Utah are virtually nonexistent.  Thus, the fact that the Court may exercise jurisdiction over the remaining Defendants does not, by itself, establish jurisdiction over Lesinski.  Without more, the Court cannot exercise jurisdiction over Lesinski.

### III.  CONCLUSION

It is therefore

ORDERED that Defendant Mark C. Lesinski's Motion to Dismiss for Lack of Personal Jurisdiction (Docket No. 11) is GRANTED.

DATED this 17th day of July, 2014.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[17] *Trujillo v. Williams*, 465 F.3d 1210, 1218 (10th Cir. 2006) (citations and internal quotation marks omitted).

[18] *Ten Mile Indus. Park v. W. Plains Serv. Corp.*, 810 F.2d 1518, 1527 (10th Cir. 1987).

[19] *Id.*